UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIA HAYES                                             CIVIL ACTION

VERSUS                                                NO. 12-1548

AUDUBON NATURE INSTITUTE,                MAGISTRATE JUDGE
INC. ET AL.                                           JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS ON MOTION

In this employment discrimination action, defendants Audubon Nature Institute,

Inc. and Audubon Nature Institute Foundation (collectively "Audubon"), filed a Motion

to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim, or Alternatively, Rule

12(e) Motion for More Definite Statement.  Record Doc. No. 7.  Plaintiff, Tia Hayes,

filed a timely opposition memorandum, Record Doc. No. 11, and an amended complaint

that attempts to cure the defects of which Audubon's motion complains.  Record Doc.

No. 16.  Having considered the complaint, as amended, the submissions of the parties,

and the applicable law, IT IS ORDERED that the motion is DENIED IN PART AND

DISMISSED AS MOOT IN PART, as follows.

Audubon seeks dismissal of all of plaintiff's claims pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief can be granted or, alternatively,

asks for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  This matter was

referred to a United States Magistrate Judge for all proceedings and entry of judgment

in accordance with 28 U.S.C. § 636(c), upon the written consent of all parties.  Record Doc. No. 17.

Hayes asserts claims of sexual discrimination under Title VII and Louisiana state law and of retaliation under Title VII.  Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief. . . .  [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quotations omitted).   Plaintiff "need not allege in her complaint every fact that she might need to prove to prevail on the merits. . . . This simplified notice pleading standard need only give a defendant fair notice of what the plaintiff's claim is and the grounds upon which rests.  The liberal discovery rules and summary judgment motions are then employed to explore the details of the claim."  Goss v. Hardy Energy Servs., Inc., No. 09-0443, 2010 WL 427748, at *2 (W.D. La. Feb. 3, 2010) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 438 (5th Cir. 2004).  Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.  Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011).

The Supreme Court recently clarified the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting Iqbal, 556 U.S. at 678) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007))).

I find that plaintiff's amended complaint contains sufficient allegations to state claims for gender discrimination and retaliation.  The amended complaint deletes the allegation in the original complaint that plaintiff has a cause of action under 42 U.S.C. § 1981.  It is well established that Section 1981 applies only to race discrimination claims, not to claims of sexual harassment or retaliation for complaining about sexual harassment.  Payne v. Travenol Labs., Inc., 673 F.2d 798, 815 (5th Cir. 1982); Johnson v. Manpower Prof'l Servs., Inc., No. H-09-2423, 2011 WL 689375, at *3 n.38 (S.D. Tex. Feb. 17, 2011), aff'd in part & reversed in part on other grounds, 442 F. App'x 977 (5th Cir. 2011) (citing Ingram v. Papa John's Int'l, Inc., 171 F. App'x 439, 441 (5th Cir. 2006)); Gill v. Turner Indus. Grp., LLC, No. 07-265-C, 2008 WL 544684, at *2 (M.D. La. Feb. 28, 2008).  Plaintiff's deletion of the Section 1981 allegation from her amended complaint cures that defect in her original complaint.

Hayes has replaced her reference to Section 1981 with an allegation that Audubon discriminated against her in violation of 42 U.S.C. § 1981a, in addition to 42 U.S.C. §§ 1988 and 2000e-2 et seq. (Title VII).  However, "Section 1981a does not create a new substantive right nor an independent cause of action; instead it 'enhances the remedies otherwise available for intentional employment discrimination.'"  Yowman v. Jefferson Cnty., 370 F. Supp. 2d 568, 585-86 (E.D. Tex. 2005) (quoting Perry v. Dallas Indep. Sch. Dist., No. 3:96cv2855D, 1998 WL 614668, *1 n.1 (N.D. Tex. Sept. 2, 1998)) (citing Huckabay v. Moore, 142 F.3d 233, 241 (1998); Presutti v. Felton Brush, Inc., 927 F. Supp. 545, 550 (D.N.H.1995); Swartzbaugh v. State Farm Ins. Cos., 924 F. Supp. 932, 934 (E.D. Mo. 1995)).  Section 1981a "'applies only if the plaintiff otherwise establishes intentional discrimination on the part of the employer under another substantive act'; there must be a claim under another substantive act for it to apply."  Williamson v. Am. Nat'l Ins. Co., 695 F. Supp. 2d 431, 443 (S.D. Tex. 2010) (quoting Yowman, 370 F. Supp.2d at 586) (citing Huckabay, 142 F.3d at 241).

Similarly, Section 1988 does not create an independent cause of action.  Wilson v. City of Selma, No. 11-0478-CG-M, 2012 WL 3263752, at *6 (S.D. Ala. July 17, 2012), report & recommendation adopted, 2012 WL 3263751 (S.D. Ala. Aug. 8, 2012) (citing Moor v. Alameda Cnty., 411 U.S. 693, 702 (1973); Estes v. Tuscaloosa Cnty., 696 F.2d 898, 901 (11th Cir. 1983)); ECOS, Inc. v. Brinegar, 671 F. Supp. 381, 402 n.10 (M.D.N.C. 1987) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 701 n.66 (1978);

4

Horacek v. Thone, 710 F.2d 496, 499 (8th Cir. 1983); Latino Project, Inc. v. City of

Camden, 701 F.2d 262, 264 (3d Cir. 1983); Estes, 696 F.2d at 901; Taylor v. Nichols,

558 F.2d 561, 568 (10th Cir. 1977)).  Although neither Section 1981a nor Section 1988

give rise to a cause of action, plaintiff's assertion that her federal claims also arise under

Title VII suffices to establish a statutory basis for her gender discrimination and

retaliation claims.

As to her factual allegations of gender discrimination, Hayes asserts in her

amended complaint that she was repeatedly subjected to unwelcome sexual harassment

by a particular supervisor during her employment at Audubon.  She provides examples

of the unwelcome, sexually based conduct and states that the incidents occurred during

the summer of 2010 and on October 19, 2010.  She alleges that she reported the

unwelcome harassment to Audubon, but that no remedial action was taken.  She claims

that, under these facts, Audubon violated Title VII and Louisiana's anti-discrimination

law, La. Rev. Stat. § 23:301 et seq.

These allegations satisfy the requirements for pleading a cause of action for a

hostile work environment under Title VII and Louisiana law.  Louisiana's anti-

discrimination statute mirrors the language of Title VII and the courts interpret the

Louisiana law in the same way as Title VII.  La. Rev. Stat. § 23:332; Alleman v. La.

Dep't of Econ. Dev., 698 F. Supp. 2d 644, 656 n.7 (M.D. La. 2010) (citing Baker v.

FedEx Ground Package Sys., Inc., 278 F. App'x 322, 327 (5th Cir. 2008)); Hare v. Paleo

Data, Inc., 89 So. 3d 380, 385 (La. App. 4th Cir. 2012).  The elements of the claim are

that (1) Hayes belongs to a protected group; (2) she was subjected to unwelcome

harassment; (3) the harassment complained of was based on her sex; (4) the harassment

affected a term, condition or privilege of employment; and (5) Audubon knew or should

have known of the harassment and failed to take prompt remedial action.  Mitchell v.

Snow, 326 F. App'x 852, 856-57 (5th Cir. 2009) (citing Ramsey v. Henderson, 286 F.3d

264, 268 (5th Cir. 2002)); Hare, 89 So. 3d at 386.

Audubon argues that the incidents described in the amended complaint were not

"sufficiently severe or pervasive to alter the conditions of the victim's employment and

create an abusive working environment." Mitchell, 326 F. App'x at 857 (quotation

omitted).  "Whether an environment is hostile or abusive depends on the totality of the

circumstances, including factors such as the frequency of the conduct, its severity, the

degree to which the conduct is physically threatening or humiliating, and the degree to

which the conduct unreasonably interferes with an employee's work performance."

Alaniz v. Zamora-Quezada, 591 F.3d 761, 771 (5th Cir. 2009) (quotation omitted).  As

previously noted, Hayes need not detail in her complaint every fact on which she may

eventually rely to prove her claim.  The well-pleaded facts in the amended complaint

state a plausible claim for sexual harassment.  Buenrostro v. Flight Safety Int'l, Inc., 62

F. App'x 556, 2003 WL 1202768, at *1 (5th Cir. 2003); Goss, 2010 WL 427748, at *2.

Whether Hayes will be able to produce sufficient evidence to prove her claim is not at

issue in the current motion to dismiss, but may be the subject of a motion for summary judgment or at trial, after discovery has occurred.

As to retaliation, plaintiff states a claim by asserting facts to show that (1) she engaged in protected activity, (2) an adverse employment action occurred and (3) there was a causal link between the protected activity and the adverse employment action. Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 657 (5th Cir. 2012). Hayes's amended complaint alleges that, after she complained of sexual harassment, she was treated differently by other employees at Audubon's direction, received an unfounded disciplinary writeup and other reprimands from her supervisors, and was terminated without cause. Although Hayes does not use "causation" terminology, the court may plausibly infer from these factual allegations, which are summarized under the retaliation count of her amended complaint, that these actions were the alleged result of her having engaged in protected activity. Her retaliation claim "easily satisfies the notice standard and asserts a claim for relief that, as required by Twombly, rises above the speculative level." Goss, 2010 WL 427748, at *2; accord Brown v. Refugio Cnty., No. V-09-49, 2009 WL 4231993, at *2 (S.D. Tex. Nov. 19, 2009).

Plaintiff's amended complaint cures the defects asserted by Audubon in its motion to dismiss, states plausible claims for relief and renders moot Audubon's alternative motion for a more definite statement. Accordingly, the motion is denied to the extent it

seeks dismissal of the complaint, as amended, and is dismissed as moot to the extent it

seeks an order compelling plaintiff to provide a more definite statement.

New Orleans, Louisiana, this _____15th_____ day of November, 2012.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE