UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIA HAYES | CIVIL ACTION |
| VERSUS | NO. 12-1548 |
| AUDUBON NATURE INSTITUTE, INC. ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

In this employment discrimination action, plaintiff, Tia Hayes, sued her former employer, defendants Audubon Nature Institute, Inc. and Audubon Nature Institute Foundation (collectively "Audubon").[1] She alleges hostile environment sex discrimination in violation of Title VII and Louisiana state law, and retaliation in violation of Title VII.

Audubon filed a motion for summary judgment, supported by deposition excerpts and declarations under penalty of perjury, seeking dismissal of all of plaintiff's claims. Record Doc. No. 54. Hayes filed a timely opposition memorandum, supported by more than 700 pages of exhibits, including complete deposition transcripts and her own declaration under penalty of perjury. Record Doc. No. 58. Defendant received leave to file a reply memorandum. Record Doc. Nos. 60, 66, 67.

---

[1] Defendants assert that Audubon Nature Institute, Inc. was plaintiff's employer and that Audubon Nature Institute Foundation was never her employer. However, they do not seek summary judgment on this issue.

This matter was referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c), upon the written consent of all parties. Record Doc. No. 17.

Having considered the complaint, as amended, the submissions of the parties, and the applicable law, and for the following reasons, I find that Hayes has offered <u>no</u> competent evidence to rebut defendant's legitimate, non-retaliatory reasons for <u>terminating</u> her employment and that summary judgment should be granted as to her <u>retaliatory termination</u> claim, but that genuine issues of material fact remain in dispute as to her other claims. Accordingly, IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART as follows.

I.     <u>THE UNDISPUTED FACTS</u>

The following facts are established by the competent summary judgment evidence and are accepted as undisputed <u>solely</u> for purposes of the pending motion on plaintiff's claim of retaliatory termination only.

As of the summer of 2010, Hayes had been employed by defendant first as a cashier and then as a team leader at the Audubon Zoo for more than ten (10) years. The court assumes for purposes of her <u>retaliatory termination</u> claim <u>only</u> that she was subjected to sexual harassment in the workplace by a supervisor, Lester Charles, for the first time during the summer of 2010 and again on October 19, 2010. She reported the

sexual harassment to her own supervisor on October 20, 2010, who reported it to the next level supervisor and to Audubon's Human Resources department.

Shortly after the October incident, Hayes, her mother and her attorney met with Audubon's then-Vice President of Human Resources, Renee Brunt, and Audubon's attorney. During this meeting, plaintiff agreed to take a paid leave of absence pending defendant's investigation of her complaint against Charles. Brunt interviewed and counseled Charles about the incident. Both Charles and Hayes were instructed to avoid all contact with each other in the future.

Plaintiff returned to work around December 20, 2010. No further incidents of sexual harassment occurred between Charles and Hayes during the remainder of her employment.

More than eight (8) months later, on September 7, 2011, Hayes became ill at work and left Audubon Zoo in an ambulance. She began a period of medical leave the next day. She did not return to work after this date.

Audubon employees are entitled to twelve (12) weeks of job-protected time off from their employment for medical reasons. Under that policy, plaintiff was expected to return to work on December 8, 2011. When she did not return on that date, Audubon's Benefits Coordinator, Collette Smith Brannon, sent a letter to Hayes advising her that her Family Medical Leave Act ("FMLA") leave time had expired, requesting an update on

her medical condition and stating that "we have not received documentation to support your need for a continued leave." Plaintiff's Exh. 13, Bates No. ANI-0055.

In response, Hayes provided defendant with a doctor's note dated December 12, 2011, stating that she was unable to return to work because of her health. Audubon received a second doctor's note dated January 19, 2012, stating that Hayes remained unable to work due to serious health problems. Defendant's Exh. E, declaration under penalty of perjury of Audubon's Vice President of Human Resources, Toni Mobley, and Exhs. B and C attached to her declaration.

During this time period, Hayes orally told Brannon and another Audubon employee named Shaun that she could not return to work until she was released by her doctor, but that she wanted to return to work.[2] Plaintiff's Exh. 2, deposition of Tia Hayes at pp. 62-63. As of February 16, 2012, plaintiff's doctor had not released her to work and Audubon had received no written medical information since January 19, 2012. Id.; Plaintiff's Exh. 11, deposition of Collette Smith Brannon at p. 22; Plaintiff's Exh. 12, deposition of Toni Mobley at p. 87.

When Brannon informed Mobley on February 16, 2012 that Hayes had not returned to work and was still unable to work, Mobley instructed Brannon to terminate plaintiff's employment. Brannon did so by letter to Hayes the same day. Plaintiff's

---

[2] Although Brannon testified that Hayes never communicated orally with her after plaintiff began her sick leave, this fact dispute is resolved in favor of plaintiff's version of events for purposes of defendant's summary judgment motion.

4

Exh. 14, Bates No. ANI-0054; Plaintiff's Exh. 12, Mobley deposition at p. 85; Defendant's Exh. E, Mobley declaration; Defendant's Exh. F, declaration under penalty of perjury of Collette Smith Brannon. Before Hayes received this letter, no one at Audubon had told her that her employment was going to be terminated.

Audubon's stated reason for the termination was that Hayes was medically unable to return to work despite having been granted a two-month extension of time since the expiration of her 12 weeks of job-protected leave. Audubon has terminated several other employees who were unable to return to work for medical reasons after their leave time was exhausted. Plaintiff's Exh. 12, Mobley deposition at p. 91; Defendant's Exh. E.

On April 14, 2011, Hayes filed a charge of sex discrimination and retaliation with the Equal Employment Opportunity Commission. On December 22, 2011, defendant's counsel sent a response to the EEOC charge. Plaintiff's Exh. 17, letter from John W. Ellinghausen to Mildred Johnson dated December 22, 2011.

II.  ANALYSIS

    A.  Retaliatory Termination

Defendant argues that Hayes cannot establish a prima facie case of retaliatory termination because she has no evidence of a causal connection between her original complaint of sexual harassment in October 2010 and her termination sixteen (16) months later on February 16, 2012. Alternatively, if plaintiff can establish a prima facie case, Audubon contends that it has produced a legitimate, non-retaliatory reason for her

termination and that she has failed to come forward with evidence to show that its proffered reason was a pretext for retaliation.

Hayes argues that the close temporal proximity between defendant's response on December 22, 2011 to her EEOC charge and her termination less than two months later on February 16, 2012 establishes a causal connection for purposes of her prima facie case. She also contends that Audubon cannot demonstrate that her employment was terminated for its stated reason that she failed to return to work after the expiration of her leave because she was not terminated when her leave expired on December 8, 2011, but was only asked to provide medical updates, which she did twice. She argues that a trier of fact could find retaliation because she was terminated a month after Audubon received the second doctor's note without any further communication from defendant telling her that she was subject to termination. She states in her declaration in support of her opposition that, "[a]lthough I was <u>not</u> told that I was terminated because of the unwelcome sexual harassment, I am not aware of any other basis for my termination that is not a pretext." Plaintiff's Exh. 3, declaration under penalty of perjury of Tia Hayes, at ¶ 24 (emphasis added).

> A plaintiff establishes a prima facie case of retaliation by showing (i) [s]he engaged in a protected activity, (ii) an adverse employment action occurred, and (iii) there was a causal link between the protected activity and the adverse employment action. If the plaintiff successfully presents a prima facie case, the burden shifts to the employer to provide a legitimate, non-retaliatory reason for the adverse employment action. If the defendant

presents evidence that supports that it acted properly, the fact-finder must decide whether retaliation was the but-for cause for the employer's action.

Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 657 (5th Cir.), cert. denied sub. nom Ketterer v. Yellow Transp., Inc., 133 S. Ct. 136 (2012) (quotation and citations omitted).

Initially, I find that Hayes has not provided any competent summary judgment evidence to establish the third prong of a prima facie case of retaliatory termination. It is undisputed that she engaged in protected activity by complaining of discrimination or retaliation on two occasions: October 20, 1011, when she reported sexual harassment to her supervisor, and April 14, 2011, when she filed a charge of sex discrimination and retaliation with the EEOC.

"'Close timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation." Cobb v. Singing River Health Sys., 503 F. App'x 290, 293 (5th Cir. 2012) (quoting Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997)) (emphasis added). However, the Supreme Court and the Fifth Circuit have made it clear that, "to be persuasive evidence, temporal proximity must be very close." Strong v. Univ. Health Care Sys., L.L.C., 482 F.3d 802, 808 (5th Cir. 2007) (citing Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)) (emphasis added).

Hayes has cited no law, and my research has located none, for the proposition that a causal connection is established for purposes of her prima facie case by the mere temporal proximity of less than two months between defendant's response to her EEOC

charge, which had been filed eight months earlier, and her termination. It is undisputed that plaintiff was terminated ten (10) months after she engaged in her last protected activity. Such a lengthy gap on its own is insufficient, as a matter of law, to establish a causal connection.

> Numerous courts have held that temporal proximity evidence alone cannot support an inference of causation when there is a four-month gap between the protected activity and the adverse employment action. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 . . . (2001) (surveying temporal proximity cases and noting cases have found a lapse of up to three or four months too large to support causation) . . . . We cannot infer causation in this case because the temporal proximity evidence shows a six-month gap between Dr. Russell's filing of the grievance (October 2003) and the non-renewal of the contract (April 2004).

Russell v. Univ. of Tex., 234 F. App'x 195, 206 (5th Cir. 2007) (emphasis added).

Even if the court were to assume without deciding that Hayes can establish a prima facie case of retaliation, Audubon has met its burden to articulate legitimate, non-retaliatory reasons for terminating her employment. "Defendant's burden is one of production, not persuasion . . . ." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142 (2000) (quotation omitted). Audubon must merely set forth, through admissible evidence, "reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993) (emphasis in original); see Moffett v. Miss. Dep't of Mental Health, 507 F. App'x 427, 431 (5th Cir. 2013) (same burden as to retaliation claims).

8

Thus, defendant "'need not prove that it was actually motivated by its proffered reason.' . . . . 'The employer need only articulate a lawful reason, regardless of what its persuasiveness may or may not be.'" Joseph v. City of Dallas, 277 F. App'x 436, 439 (5th Cir. 2008) (quoting Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004); Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 958 (5th Cir. 1993)); accord Turner v. Kan. City S. Ry., 675 F.3d 887, 900 (5th Cir. 2012).

"'If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason . . . is a pretext for the real . . . retaliatory purpose. To carry this burden, the plaintiff must rebut each . . . nonretaliatory reason articulated by the employer.'" Moffett, 507 F. App'x at 431 (quoting McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007)) (ellipses by Fifth Circuit).

Audubon has carried its burden of production by presenting competent summary judgment evidence of its legitimate, non-retaliatory reason for terminating Hayes, i.e., that her twelve (12) weeks of leave had expired two months earlier and that, according to all the information that Hayes herself had provided to defendant, she was still medically unable to work. The burden therefore shifts to Hayes to "'offer some evidence from which the jury may infer that retaliation was the real motive.'" Id. at 432 (quoting Swanson, 110 F.3d at 1188) (emphasis added).

9

Even if the time period between defendant's response to plaintiff's EEOC charge and the termination of her employment is sufficient to establish a causal connection for purposes of the third prong of her prima facie case, that fact alone is <u>not</u> sufficient to establish but-for causation.

> To defeat a motion for summary judgment, a plaintiff must demonstrate "a conflict in substantial evidence on [the] ultimate issue" of "but for" causation. "Evidence is 'substantial' if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." <u>Temporal proximity, standing alone, is not enough</u>.

<u>Hernandez</u>, 670 F.3d at 658 (quoting <u>Long v. Eastfield College</u>, 88 F.3d 300, 308 (5th Cir. 1996)) (citing <u>Strong</u>, 482 F.3d at 808) (emphasis added); <u>see also</u> <u>Lorentz v. Alcon Labs., Inc.</u>, No. 13-20049, 2013 WL 3368987, at *3 n.5 (5th Cir. July 8, 2013) (citing <u>Wilson v. Noble Drilling Servs., Inc.</u>, 405 F. App'x 909, 914 (5th Cir. 2010)) ("suspicious timing without more is insufficient to show pretext"); <u>Roberson v. Alltel Info. Servs.</u>, 373 F.3d 647, 656 (5th Cir. 2004) (Plaintiff's "argument is reduced to the following: the sole evidence of Alltel's retaliation is that the reduction-in-force occurred after his discrimination complaints. On the other hand we have Alltel's undisputed legitimate, nondiscriminatory reason for its employment action: a company-wide reduction-in-force. Without more than timing allegations, and based on Alltel's legitimate, nondiscriminatory reason in this case, summary judgment in favor of Alltel was proper."); <u>Raggs v. Miss. Power & Light Co.</u>, 278 F.3d 463, 471-72 (5th Cir. 2002)

("Other than the five month time period, Raggs has presented no evidence of retaliation. Thus, we conclude that MP&L's decision not to rehire Raggs in 1999 was not a function of retaliation.").

The Supreme Court recently clarified that "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013). "This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Id. at 2533.

In the instant case, Hayes has produced no evidence to rebut defendant's non-retaliatory and non-discriminatory reason for terminating her employment, i.e., that she was medically unable to work, or to create a triable issue of fact that retaliation was the but-for cause of her termination. Audubon notified Hayes on December 8, 2012 that her medical leave had expired. She provided defendant with two successive doctor's notes stating that she could not work. As of February 16, 2012, her doctor had not released Hayes to work and she had told Brannon and another Audubon employee, Shaun, during the interim that she was medically unable to return to work. Based on the information in defendant's possession, which is undisputed, Mobley decided to terminate plaintiff's employment because she could not work, and her leave time had long expired.

Audubon allowed plaintiff to remain an employee for two months after her leave expired. Contrary to plaintiff's argument, defendant's gratuitous action does not lead in

any conceivable way to an inference that the stated reason for terminating her was a pretext for retaliation. She has identified neither any law nor any evidence that Audubon either was required or had promised to continue her employment, despite her continued medical inability to work. See Lorentz, 2013 WL 3368987, at *4 n.7 (quoting 29 C.F.R. § 825.700(a)) (The Fifth Circuit affirmed a summary judgment that defendant did not terminate plaintiff's employment in retaliation for her having taken FMLA leave, but because she continued to miss work after returning from leave. "[T]he problem is that the amount of leave was insufficient for Lorentz to resolve her problems at home. However, while an employer may 'provide[ ] greater unpaid family leave rights than are afforded by FMLA,' it is not required to do so.") (emphasis added).

It is also undisputed that Audubon terminated other employees who were unable to return to work after their medical leaves had expired, pursuant to its policy. See Chaney v. New Orleans Pub. Facility Mgmt., 179 F.3d 164, 168 (5th Cir. 1999) (When "the employer has articulated a rational justification for terminating an employee, and the facts supporting that justification are not seriously disputed, the task of proving pretext becomes quite difficult. . . . Without evidence of disparate treatment, it is difficult to maintain that a straightforward application of workplace policies and procedures was pretextual."). Hayes has presented no evidence to rebut Audubon's evidence that other employees whose leave had expired and who could not work were also terminated.

12

The instant case is similar to <u>Mitchell v. Sikorsky Aircraft</u>, No. 12-10523, 2013 WL 3239439 (5th Cir. Mar. 5, 2013), in which the Fifth Circuit affirmed summary judgment for the employer because plaintiff failed to rebut its legitimate, non-retaliatory reason for terminating her employment.

> The district court found that Mitchell <u>failed to offer any evidence</u> that Sikorsky's non-retaliatory reason for terminating her employment, namely, that she failed to comply with Sikorsky's requests for medical information [during a paid leave that the employer had suggested so it could determine whether plaintiff was medically fit for duty], was pretextual. We agree with the district court. Based on our review of the record before the district court, we find that even assuming arguendo that Mitchell adequately established a prima facie case of retaliation, <u>she failed to show that, but for Mitchell's protected conduct, Sikorsky would not have terminated her employment</u>. Specifically, nothing in the record shows that Mitchell would not have been fired solely because of her failure to comply with Sikorsky's request for medical information, and irrespective of whether she had raised complaints of racial discrimination. The only potential evidence of pretext in the record is the temporal proximity of Mitchell's complaint to her termination, but this falls short of establishing but for causation.

<u>Id.</u> at *5 (citing <u>McCoy</u>, 492 F.3d at 562) (footnote omitted) (emphasis added). Hayes has failed to provide any evidence that she would not have been fired solely because of her undisputed medical inability to return to work, and irrespective of whether she had raised complaints of sexual harassment and retaliation more than ten months earlier.

Plaintiff's declaration that "I am not aware of any other basis for my termination that is not a pretext" lacks any evidentiary support. "[A]t the summary judgment stage, we require evidence–not absolute proof, but not mere allegations either." <u>Ontiveros v.</u>

City of Rosenberg, 564 F.3d 379, 383 (5th Cir. 2009) (quotation omitted). Her mere subjective belief and speculation that she was terminated based on retaliation are insufficient to create an inference of defendant's retaliatory intent. Roberson, 373 F.3d at 654; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002); Lawrence v. Univ. of Tex., 163 F.3d 309, 313 (5th Cir. 1999).

Accordingly, IT IS ORDERED that defendant's summary judgment motion is granted in part in that plaintiff's retaliatory termination claim is DISMISSED WITH PREJUDICE.

B. The Motion for Summary Judgment Is Otherwise Denied

Material fact issues remain in dispute concerning plaintiff's claims of a sexually hostile work environment under Title VII and Louisiana law[3] and of retaliation based on actions other than termination under Title VII. These issues include, but are not limited to: whether the incident during the summer of 2010, in which Charles allegedly grabbed Hayes's arm and blocked her way while she repeatedly tried to go around him, was based on her sex; whether the same incident, while arguably not sexually abusive, might nevertheless be admissible as "proof of [Charles's] intent, plan, motive, knowledge, and absence of mistake or accident," Alaniz v. Zamora-Quezada, 591 F.3d 761, 774 (5th Cir.

---

[3]The elements of a claim of hostile work environment are the same under Louisiana law and Title VII. Alleman v. La. Dep't of Econ. Dev., 698 F. Supp. 2d 644, 656 n.7 (M.D. La. 2010) (citing Baker v. FedEx Ground Package Sys., Inc., 278 F. App'x 322, 327 (5th Cir. 2008)); Hare v. Paleo Data, Inc., 89 So. 3d 380, 386 (La. App. 4th Cir. 2012) (citing Nash v. Electrospace Sys., Inc., 9 F.3d 401, 405 (5th Cir. 1993); Brooks v. S. Univ., 877 So.2d 1194, 1220 (La. App. 4th Cir. 2004)).

2009) (citing Fed. R. Evid. 404(b)); whether the alleged sexual harassment during the summer and on October 19, 2010, including a supervisor's alleged explicit sexually harassing comments and physical contact, was sufficiently severe or pervasive to alter the conditions of plaintiff's employment; whether Charles physically threatened Hayes when he allegedly told her not to report his alleged sexual harassment that occurred on October 19, 2010; whether the working environment was objectively hostile or abusive; whether Hayes unreasonably failed to take advantage of any preventive or corrective opportunities provided by Audubon to avoid harm when she did not report the first incident; whether Audubon exercised reasonable care to prevent and correct promptly Charles's sexually harassing behavior when there are evidentiary conflicts about whom defendant interviewed and the extent of its investigation; whether Audubon's placement of Hayes in a cashier position for some weeks after her return to work in December 2010, instead of in the higher paying position of team leader that she held before her paid leave began in late October 2010, was an adverse employment action; whether that placement and attendant loss of pay were in retaliation for her complaint of sexual harassment; whether any Audubon supervisor or manager instructed other employees to avoid contact with plaintiff and whether those instructions were retaliatory; whether Hayes received a retaliatory write-up on March 18, 2011; and whether evidence that Charles was a serious and recidivist sexual harasser who sexually harassed other female employees and was fired for sexual harassment after plaintiff's employment was terminated is admissible

15

under Fed. R. Evid. 404(b) to show "a systemic pattern of discrimination" and/or "a particular modus operandi in making sexual overtures to female subordinates [and] . . . to demonstrate either plan, motive, or absence of mistake." Id. at 775.

For the foregoing reasons, plaintiff's claims alleging hostile work environment arising from sexual harassment in the workplace by a supervisor must be determined at trial. Thus, defendant's motion is denied in part as to all claims asserted by plaintiff, except the retaliatory termination claim, which has been dismissed in this order.

New Orleans, Louisiana, this ___29th___ day of July, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE